UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDEN MICHAEL WIREMAN,

    Plaintiff,

Case No. 4:24-CV-13105
F. Kay Behm
United States District Judge

BATEMAN, *et. al.*,

    Defendants,

_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO CURE THE ORDER OF DEFICIENCY</u>**

Plaintiff is an inmate currently confined at the Saginaw Correctional Facility in Freeland, Michigan. Plaintiff filed a *pro se* civil rights complaint with the United States District Court for the Western District of Michigan (ECF No. 1), along with an affidavit of indigency and an authorization to withdraw funds from his jail account. (ECF No. 2). On November 21, 2024, the case was transferred to this district. (ECF No. 3).

On November 25, 2024, Magistrate Judge David R. Grand signed an order of deficiency, which required plaintiff to provide a signed certification of his prisoner trust account from an authorized prison official and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months; the order

1

alternatively allowed plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee plus the fifty five ($ 55.00) dollar administrative filing fee in full. Plaintiff was given thirty days to comply.

On December 10, 2024, plaintiff sent a letter to this Court in response to the order of deficiency. (ECF No. 7). Plaintiff first indicates that the application to proceed without prepayment already contains a signed certification from his custodian. The Court has reviewed the original application and it does contain a signed certification of trust account from his prison custodian. (ECF No. 2, PageID.7). Plaintiff, however, failed to provide the Court with a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months, either in the original application or in his response to the order to show cause.

Title 28 U.S.C. § 1915(a)(2) requires a prisoner who seeks to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

2

If a prisoner who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court is required to advise the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. If a prisoner who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court is required to advise the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id*. The district court must then order that the case be dismissed for want of prosecution. *Id*.

Although plaintiff has submitted an application to proceed without prepayment of fees and a a certified trust account statement, he has not included a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. Plaintiff's complaint is deficient because he failed to provide the Court with a copy of his computerized prisoner trust fund account for the past six months. *See Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003).

A district court may, in its discretion, grant an additional thirty days from the date of the filing of the extension order to allow a prisoner to correct a deficiency in his pleadings. *See McGore v. Wrigglesworth*, 114 F.3d at 605. Based on the circumstances of this case, the Court believes that Wireman is entitled to an extension of time to attempt to fully correct the deficiency.

Accordingly, unless Wireman chooses to pay the filing fee of $350.00 in full, the Court **ORDERS** him to provide a current computerized trust fund statement of account showing the history of the financial transactions in his institutional account **for the last six months**. If Wireman does not provide the requested information to the United States District Court within **thirty (30) days** of this Order, his Complaint shall be **DISMISSED**.

Date: February 11, 2025        s/F. Kay Behm
                               F. Kay Behm
                               United States District Judge